**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANDRÉS FELIPE C. C.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-3220 (LMP/SGE)

**ORDER**

---

Kira Aakre Kelley, **Climate Defense Project, Minneapolis, MN**, for Petitioner.

Worthington Phillips, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On July 24, 2026, this Court granted Petitioner Andrés Felipe C. C.'s[1] petition for a writ of habeas corpus and ordered Respondents (the "Government") to provide Andrés with a bond redetermination hearing. ECF No. 8. On July 28, 2026, the Government timely provided Andrés with a bond hearing, at which an immigration judge denied bond because Andrés had "not met his burden to establish that he does not pose a danger to persons or

---

[1] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any non-governmental parties in immigration cases. No disrespect is intended in doing so.

property." ECF No. 10-1 at 2. Andrés now moves for an order to show cause, arguing that the bond hearing he received was constitutionally inadequate. ECF No. 11. The Government has provided an audio recording of Andrés's bond hearing, ECF No. 18-3, which has greatly assisted the Court's resolution of Andrés's motion.

The Court's review of the bond hearing is limited. A federal district court may not "set aside" a decision to deny a noncitizen bond, nor may it review an immigration judge's "discretionary judgment" in reaching that decision. 8 U.S.C. § 1226(e). How an immigration judge weighs evidence and makes credibility findings is therefore beyond the Court's authority. *See Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020). That said, a federal court may evaluate whether a bond hearing was constitutionally sufficient as a matter of due process. *See Gvritishvili v. Mullin*, No. 4:26-cv-3123, 2026 WL 1362439, at *1 (D. Neb. May 15, 2026); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although [a court] lack[s] jurisdiction to review any discretionary determinations underlying the IJ's bond decision, [it] may review whether the bond hearing was fundamentally unfair."). The bedrock of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted).

Andrés offers several reasons why the bond hearing he received was not meaningful. He first asserts that he learned about the date and time of his bond hearing less than an hour before it was scheduled to begin. ECF No. 12 ¶ 3. But Andrés cites no case law requiring a noncitizen to receive advance notice of a bond hearing. More importantly, Andrés had four days between this Court's order granting his habeas petition and his bond hearing to

collect evidence in support of his bond request, and Andrés's wife indeed gathered letters of support for him before the hearing. *Id.* ¶ 2. After learning that his bond hearing would occur on the morning of July 28, Andrés evidently had enough time to call his counsel, who was able to notice an appearance, appear on Andrés's behalf at the bond hearing, and submit the letters of support to the immigration judge. ECF No. 13 ¶¶ 4–6, 8. And when asked by the immigration judge if she needed more time to review Andrés's case and collect additional evidence, his counsel stated, "I feel comfortable proceeding."[2] ECF No. 18-3 at 3:10–3:55. Tellingly, Andrés does not explain in his briefing what evidence he would have submitted with more advance notice before his bond hearing. On this record, the admittedly short notice Andrés was provided before his bond hearing did not deprive him of the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. *Compare Brena v. Olson*, No. 1:26-cv-00931-JMS-MJD, 2026 WL 1625379, at *5 (S.D. Ind. June 5, 2026) (holding that bond hearing was constitutionally insufficient because the short notice provided to the noncitizen "materially limited her ability to meet her burden for release on bond at the hearing"), *with Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *6 (E.D. Cal. Mar. 13, 2026) (holding that bond hearing complied with due process when, although noncitizen

[2] Andrés's counsel did not mention this highly salient fact in her motion to show cause. Candor to the Court means presenting the factual record "with accuracy and candor." *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 833 (8th Cir. 1992). "Selective omission of relevant information . . . exceeds the bounds of zealous advocacy and is wholly inappropriate." *Ndreko v. Ridge*, 351 F. Supp. 2d 904, 910 (D. Minn. 2004) (citation omitted) (internal quotation marks omitted).

was given short notice of her bond hearing, her attorney was present at the hearing, submitted over 400 pages of supporting documentation, and could not "elaborate on how additional time to prepare or gather evidence would have materially affected the outcome of the proceeding").

That leaves Andrés's complaint that the immigration judge "did not allow him to testify" at his bond hearing. ECF No. 13 ¶ 8. According to Andrés, the immigration judge focused on his pending driving while intoxicated ("DWI") charge and asked his attorney to submit the police report for the incident. ECF No. 12 ¶ 4; ECF No. 13 ¶ 8. When Andrés's attorney suggested that he could provide "firsthand testimony" of the incident, Andrés represents that the immigration judge said his testimony would not be credible because Andrés "was drunk at the time of his arrest." ECF No. 13 ¶ 8.

First off, Andrés's assertion that the immigration judge "did not allow him to testify," ECF No. 13 ¶ 8, is not a fair characterization of the bond hearing. When Andrés's attorney suggested that he could testify to the circumstances of the alleged DWI, the immigration judge stated that she could "place the respondent under oath," but that in a drinking and driving offense, she found the police report to be the "best evidence" of what occurred. ECF No. 18-3 at 16:08–16:53. Andrés's attorney did not follow up on the immigration judge's offer to "place Andrés under oath," so it toes the line of zealous, ethical advocacy to accuse the immigration judge of outright refusing to allow Andrés to testify. *See* ECF No. 13 ¶ 8.

In any event, even assuming the truth of Andrés's characterization of the bond hearing, he cites no case law establishing a due process right to testify at one's bond

hearing—in fact, the available case law seems to cut the opposite way. *See Fan v. Bondi*, No. 5:25-cv-3619-SK, 2026 WL 2276462, at *11 (C.D. Cal. Aug. 6, 2026) ("No statute, regulation, or constitutional provision requires live testimony at a bond hearing."); *De Oliveira v. Oddo*, Civil No. 26-39, 2026 WL 1814095, at *2 n.1 (W.D. Pa. June 24, 2026) (explaining that "[w]hether to permit testimony is a discretionary decision for the immigration judge" at a bond hearing); *Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-cv-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived petitioner of an opportunity to testify at a bond hearing). And, in fact, it appears that the immigration judge's decision not to hear Andrés's live testimony stemmed from her view that Andrés's testimony would not be credible. ECF No. 13 ¶ 8. Whether true or not, this Court cannot second-guess the immigration judge's credibility determinations. *See Adejola*, 439 F. Supp. 3d at 130.

Accordingly, Andrés has not shown that the bond hearing he received was constitutionally inadequate, so his motion must be denied.

## CONCLUSION

For these reasons, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Andrés's Motion for an Order To Show Cause (ECF No. 11) is **DENIED**.

Dated: August 24, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge